IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALETY BARNETT, PETER MORGANELLI, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants. | NO. C 04-4437 TEH<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF MORGANELLI'S CLAIMS |

This matter came before the Court on Monday, October 14, 2005, on Defendants' motion to dismiss the claims of Plaintiff Peter Morganelli pursuant to Federal Rule of Civil Procedure 12(b)(6). After carefully considering the parties' written and oral arguments, the Court DENIES IN PART and GRANTS IN PART Defendants' motion for the reasons discussed below.

**BACKGROUND**

On or about March 1, 2004, Plaintiff Rosalety Barnett was arrested for allegedly resisting arrest. Barnett was taken to the Contra Costa County Jail in Martinez, California, where she was compelled to produce a urine sample while being directly observed by male deputies. She was also forced to disrobe in front of a deputy who directed Barnett to bend

over, squat, and cough while spreading her buttocks and labia so that her anal and vaginal cavities could be visually inspected.

Within six months of the visual body cavity search, Barnett filed a group government tort claim for herself and for all persons similarly situated. Barnett's group claim was denied on or about September 14, 2004, allowing the filing of this class action complaint.

Barnett brought this action on behalf of herself and all persons similarly situated pursuant to Federal Rule of Civil Procedure 23. The proposed class is defined to include "all persons who, in the period from and including two years prior to the filing of this Complaint, were arrested and subjected to a pre-arraignment strip and/or visual body cavity search at the Contra Costa County Jail without a reasonable suspicion, recorded in writing, that this search would be productive of contraband." First Am. Compl. ¶ 23.

On August 11, 2005, Barnett filed an amended class complaint that included an additional representative plaintiff: Peter Morganelli. Morganelli alleges that on or about December 3, 2002, he was arrested in Contra Costa County on a charge not involving violence, drugs or weapons, and that, after his arrest, he was transported to the Contra Costa County Jail in Martinez, California, where he was subjected to a visual body cavity search prior to arraignment. First Am. Compl. ¶ 15.

Defendants now bring a 12(b)(6) motion to dismiss Morganelli's claims.

**LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept as true the factual allegations of the complaint and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the plaintiff. See Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). Extraneous information should not be considered in ruling on a motion to dismiss. Arpin v. Santa Clara Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001).

The Court must construe the complaint liberally, and dismissal should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal without leave to amend is appropriate only where a court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996). Rule 12(b)(6) dismissals are reviewed *de novo* by the appellate court. Jacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1292 (1997).

**DISCUSSION**

**I.     Morganelli's State Law Claims For Monetary Damages**

Morganelli concedes that his state law claim for monetary damages must be dismissed because of his failure to comply with the California Tort Claims Act which requires presentation of a government claim as a prerequisite to filing a tort action against a government entity or employee. Cal. Gov't Code § 900. Accordingly, Defendants' motion is GRANTED as to Morganelli's state law claim for monetary relief.

**II.    Timeliness of Morganelli's § 1983 Claim**

Morganelli's claim for damages under 42 U.S.C. § 1983 is subject to California's two-year statute of limitations for personal injury claims. See Wilson v. Garcia, 471 U.S. 261, 280 (1985) (§ 1983 claims are best characterized as personal injury actions); Cal. Civ. Proc. Code § 335.1 (an action for personal injury must be brought within two years). Morganelli did not file his lawsuit until July 19, 2005, more than two years after the claim accrued on December 3, 2002. Thus, Defendants argue that Morganelli's claim is time-barred. In response, Morganelli argues that the filing of Barnett's original class action complaint on October 20, 2004, tolled the statute of limitations with respect to individual members of the putative class, including Morganelli, and that his claim is therefore timely.

Morganelli correctly observes that the statute of limitations for individual claims is normally tolled while class certification is pending, provided that the claimant is a member of

3

the putative class. American Pipe & Const. Co. v. Utah, 414 U.S. 538 (1974); Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1119 (1988) (tolling applies where the purported class action complaint sufficiently put the defendant on notice of the substance and nature of the defendant's claims and would serve to further economy and efficiency of litigation). In this case, the putative class was defined to include:

> [A]ll persons who, in the period from and including two years prior to the filing of this complaint [October 2004], . . . were arrested and subjected to a pre-arraignment strip and/or visual body cavity search at the Contra Costa County Jail without defendants first having, and recording in writing, a reasonable suspicion that the search would be productive of contraband or weapons.

First Am. Compl. ¶ 23.

Morganelli alleges that, less than two years prior to the filing of this complaint, he was arrested and subjected to a pre-arraignment strip and/or visual body cavity search without reasonable suspicion that the search would be productive of contraband or weapons. Morganelli's allegations therefore make him a putative class member. Thus, if this Court certifies the putative class (which, by definition includes Morganelli) then the issue as to whether Morganelli's individual claim is timely will be irrelevant because the statute of limitations for the class had not expired when the original complaint was brought. The question of whether the statute of limitations on Morganelli's § 1983 claim was tolled while certification was pending will only become relevant if this Court denies class certification.

Relying on extraneous material, Defendants contend that Barnett and Morganelli were searched under different policies because they were searched at different times. This court may not, however, consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Furthermore, even if the Court were to consider these allegations, Defendants' argument is best characterized as an objection to Morganelli as a class representative. Whatever objections Defendants have to the named plaintiffs as class representatives must be resolved through a class certification motion. See Gillibeau v. Richmond, 417 F.2d 426, 432 (9th Cir. 1969) (compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim).

4

1   Accordingly, and with good cause appearing, the Court DENIES Defendant's motion
2   to dismiss Morganelli's § 1983 claim.

### III. Morganelli's Standing To Seek Declaratory and Injunctive Relief

Defendants also argue that Morganelli will be unable to satisfy the "case or controversy" requirement of Article III and therefore lacks standing to seek declaratory and injunctive relief under the Supreme Court's decision in City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983).

As the Court explained above, Morganelli must, at this early stage of the litigation, be considered a member of the putative class. The Ninth Circuit has held that determinations relevant to standing or to class certification will also be relevant to the grant of injunctive relief, and that determinations made with respect to class certification may also be relevant to the standing inquiry. Armstrong v. Davis, 275 F.3d 849, 860 (9th Cir. 2001) (citing Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1237 (9th Cir. 2001); Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1040 (9th Cir. 1999) (en banc)). The issue of whether the putative class as a whole has standing to seek declaratory and injunctive relief must be resolved through the class certification motion by "determining whether named plaintiffs purporting to represent the class have established the requisite of a case or controversy with the defendants." O'Shea v. Littleton, 414 U.S. 488, 494 (1974).

It follows that the issue of whether *any* individual named plaintiff in the putative class, including Morganelli, has standing to seek declaratory and injunctive relief would be better resolved through a motion for class certification, and Defendants are welcome to re-raise the issue at that time. See Armstrong v. Davis, 275 F.3d at 860 (the court may reconsider whether the plaintiffs have standing or have been appropriately certified as a class at any stage of the litigation).

Accordingly, and with good cause appearing, the Court DENIES Defendants' motion to dismiss Morganelli's claim for declaratory and injunctive relief for lack of standing.

**CONCLUSION**

In short, for the reasons stated in this order, Defendants' motion to dismiss is GRANTED with respect to Morganelli's pendant state law claim for monetary relief and DENIED with respect to his §1983 claim for monetary, declaratory, and injunctive relief.

**IT IS SO ORDERED.**

DATED   10/31/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT