IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROSALETY BARNETT, et al.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　　　　Defendant. | NO. C-04-4437-TEH<br>NO. C-04-5365-TEH<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE AND FOR PARTIAL SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE, AND SETTING FURTHER CASE MANAGEMENT CONFERENCE** |

　　　　This matter came before the Court on January 8, 2007, on Plaintiff's Motion for Class Certification, and Defendant's Motions to Strike Putative Felony Arrest Plaintiffs from the Class Definition, or in the Alternative for Partial Summary Judgment.

　　　　This case arises out of Defendant Contra Costa County's now-discontinued policy of performing strip searches and visual body cavity searches on all persons arrested and housed prior to arraignment. For the reasons set out below, the Court finds that Plaintiffs' original Complaint, filed in 2004, was brought solely on behalf of misdemeanor arrestees, and does not toll the statute of limitations for persons arrested on felony charges. Accordingly, Plaintiffs' efforts to include felony arrestees in the putative class long after the statute has run must fail. Named plaintiff Peter Morganelli, who was strip searched after a felony arrest, is not a member of the class, and his own claims are time barred. The Court therefore GRANTS Defendants' Motion To Strike Putative Felony Arrest Plaintiffs From the Class Definition, and further GRANTS Defendants' Motion For Partial Summary Judgment as to sole felony arrestee plaintiff, Peter Morganelli. Because no class representative remains, the Court DENIES Plaintiffs' Motion For Class Certification without prejudice.

//

**FACTUAL BACKGROUND**

Plaintiff Rosalety Barnett was arrested on a misdemeanor offense on March 1, 2004. After her arrest, she was taken to the Contra Costa County Jail in Martinez, where officers subjected her to a visual body cavity search. She filed a group government tort claim on August 9, 2004, alleging that she and others arrested on "minor crimes" were strip searched pursuant to a County policy. The claim was denied.

On October 20, 2004, Barnett filed a class action complaint against Contra Costa County and Sheriff Warren Rupf ("the County") alleging that the County had an unconstitutional policy of strip searching arrestees without reasonable suspicion that they were carrying or hiding weapons or contraband. The Complaint was brought on behalf of

> all persons who ... were arrested and subjected to a pre-arraignment strip and/or visual body cavity search at the CONTRA COSTA County Jail without defendants first having, and recording in writing, a reasonable suspicion that the search would be productive of contraband or weapons.

Complaint, ¶ 22. The Complaint alleged violation of the Fourth Amendment under 42 U.S.C. § 1983. It also alleged a count under California's Unruh Act and California Penal Code § 4030 (which governs strip searches of "prearraignment detainees arrested for infraction or misdemeanor offenses," § 4030(b)), on behalf of "plaintiffs and all persons similarly situated." Complaint, ¶ 36. The Complaint attached Barnett's group tort claim. Complaint ¶ 14, Exh. A.

Discovery revealed that before June 1, 2003, the County had a blanket policy of indiscriminately strip searching all arrestees slated for housing prior to arraignment. After June 1, 2003, however, the County had a written policy requiring that all strip searches be based on reasonable suspicion, and setting out procedures for documenting that suspicion before strip searches were performed.

Newly aware that Barnett herself (arrested in 2004) was not searched pursuant to the blanket policy, Plaintiffs sought to amend the Complaint to add a new plaintiff who had been strip searched under the blanket policy. In July, 2005, Plaintiffs moved to amend the Complaint to add Peter Morganelli, who was strip searched on December 3, 2002. Plaintiffs

2

represented that Morganelli, who had been arrested for drunk driving, was a member of the original class of plaintiffs. Plaintiffs' Motion to Amend Class Action Complaint, filed July 19, 2005, at 3:23-24. The Court granted leave to amend, and the Amended Complaint was filed on August 11, 2005.

Defendants moved to dismiss Morganelli's claims. They argued that his state law claims were barred by his failure to comply with California's Tort Claims Act. Plaintiffs, without admitting that Morganelli had no claims under Cal. Penal Code § 4030 because he was arrested for *felony* DUI, did not oppose this portion of the motion.

In their Motion to Dismiss, Defendants also argued Morganelli's § 1983 claim was time-barred. Plaintiffs countered that Morganelli was "undisputably a member of the class on whose behalf the action was originally filed," because he was a "person arrested in Contra Costa County for minor crimes not involving drugs, weapons, or violence" and strip searched under a blanket strip search policy. Plaintiffs' Opposition to Motion to Dismiss, filed September 26, 2005, at 1. Relying solely on the pleadings and Plaintiffs' representation that Morganelli was a member of the putative class, the Court found that the statute of limitations was tolled by the filing of the original class action Complaint under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). Order, October 31, 2005, at 3-4.

Plaintiffs moved for class certification in June, 2006. With Peter Morganelli as the sole class representative, they sought certification of a class consisting of

> "All persons, since October 20, 2002, and continuing until Defendants' prior custom and policy was brought into compliance with the law on June 1, 2003, or such other more recent date when the policy was implemented, who were arrested on *any* charge (including felonies) *not* involving weapons, controlled substances, or felony violence, *and* who were subjected to a uniform and indiscriminate (blanket) strip/visual body cavity search(es) by defendants before arraignment at the Contra Costa County Jails without any individualized reasonable suspicion that they were concealing contraband. This class may include arrestees who were subjected to subsequent blanket strip searches before arraignment after the initial strip search, without any reasonable individualized suspicion that they had subsequently acquired and hidden contraband on their persons."

(Emphasis in original).

With their opposition to the class certification motion, the Defendants moved to strike the felony arrest plaintiffs from the class definition in Plaintiffs' motion for class

3

certification, or, in the alternative, for partial summary judgment on all claims asserted on behalf of the putative felony arrest plaintiffs.

**DISCUSSION**

**I.    The Complaint Did Not Include Felony Arrestees**

Read as a whole, the class action Complaint filed on October 20, 2004 was brought on behalf of only misdemeanor arrestees.

The language of the Complaint's *class definition* does not distinguish between persons arrested for misdemeanors and felonies. The Complaint was brought on behalf of

> all persons who ... were arrested and subjected to a pre-arraignment strip and/or visual body cavity search at the CONTRA COSTA County Jail without defendants first having, and recording in writing, a reasonable suspicion that the search would be productive of contraband or weapons.

Complaint, ¶ 22. The Complaint alleges that the searches complained of were performed "without regard to the nature of the alleged offense for which plaintiff, and all those similarly situated, had been arrested ...." *Id.* ¶ 20.

If this were the only relevant language in the Complaint, an expansive reading of the class definition might be warranted. It is not. The Complaint also states that each member of the class has a claim under Cal. Penal Code § 4030, which provides (with some exceptions) that strip searches of persons arrested for *infractions and misdemeanors* must be supported by reasonable suspicion. (Third Cause of Action, Complaint ¶ 36, alleging violation of § 4030 "on behalf of Plaintiffs and all persons similarly situated" and seeking damages under § 4030(p) on their behalf). The Complaint alleges that legal questions under § 4030 are "common to *the class*," Complaint ¶ 25 (emphasis added). It seeks damages for the entire class under the California statute. *Id.*, Prayer for Relief ¶ 6. Moreover, the Complaint alleges that the searches were performed "without regard to whether or not plaintiff, or those she represents, was eligible for cite and release under Penal Code § 853.6," a statute involving citations for misdemeanors.

The language of the complaint must be construed as a whole. *Kasishke v. Keppler,* 158 F.2d 809, 811 (10th Cir. 1947). The Complaint asserts a claim applicable only to

4

misdemeanor arrestees on behalf of every class member. Misdemeanor arrestees are not a subset of the class; they *are* the class.

Moreover, in various briefs before this Court, Plaintiffs have characterized their claims as involving individuals arrested on "minor charges" or for "minor offenses." *See, e.g.,* Plaintiff's Motion to Amend Complaint, filed July 19, 2005, at 2 (plaintiff brought class action "on behalf of herself and all other persons arrested in Contra Costa County for minor crimes not involving drugs, violence, or weapons..."); Plaintiff's Opposition to Motion to Dismiss, filed September 26, 2005, at 1 ("minor offense not involving drugs, weapons, or violence"). Statements in briefs can be treated as judicial admissions that bind a party. *Gospel Missions of America v. City of Los Angeles,* 328 F.3d 548, 557 (9th Cir. 2003).[1] Moreover, defendants rely particularly on representations that a plaintiff is not suing on a particular claim. *See, e.g., Sarro v. City of Sacramento,* 78 F.Supp.2d 1057, 1061 (E.D.Cal. 1999) and cases cited therein. Plaintiffs are bound to their characterization of the case as one involving persons arrested for "minor crimes" or "minor offenses" not involving drugs, weapons, or violence.

In the context of this case, "minor crimes" or "minor offenses" do not include felonies. Defendants argue that "minor offense" is a term of art that excludes felonies. *See, e.g., Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702, 716 n.8 (9th Cir. 1990) (distinguishing "felonies" and "minor offenses" in the strip search context), *Thompson v. County of Cook,* 428 F.Supp.2d 807, 812 (N.D.Ill., 2006)(equating "minor offenses" with "misdemeanor or traffic offenses"). Plaintiffs counter that in strip search jurisprudence, the Court's constitutional inquiry turns on the nature of the crime charged, rather than the felony/misdemeanor distinction, *see Kennedy*, 901 F.2d at 714-16; *see also Murcia v. County of Orange*, 226 F.Supp.2d 489, 495 (S.D.N.Y.,2002), *citing Kennedy*, 901 F.2d at 714, so plaintiffs' phrase "minor offense not involving drugs, weapons, or violence" should be

---

[1] Plaintiffs' objection to the Court's consideration of statements in Plaintiffs' own briefs is OVERRULED.

5

viewed as shorthand that could include a class of cases potentially including both felonies and misdemeanors.

Defendants have the better argument. While there are some cases which use the word "minor" to refer to felonies, *see, e.g., Rodriguez-Herrera v. I.N.S.,* 52 F.3d 238, 239 (9th Cir. 1995)(class C felony referred to as "minor offense"), far more *distinguish* between "minor offenses" and "felonies." Moreover, the Court is swayed by the fact that *Kennedy* itself uses the terms as if they were mutually exclusive. *See, Kennedy,* 901 F.2d at 714-716. Plaintiffs cannot ask the Court to look to the reasoning of *Kennedy,* but to overlook its explicit use of the very terms at issue. In the context of this litigation, "minor offense" means a misdemeanor or lesser offense.

Finally, Fed. R. Civ. Pro. 8(f) instructs the Court to construe the Complaint so "as to do substantial justice." Although this Rule ordinarily requires the Court to construe pleadings liberally, that is not the case if a liberal construction would prejudice the defendant because the pleading failed to give the defendant notice of what was being alleged. *See*, *e.g.*, *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1186 (3rd Cir. 1994), *quoting* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1286, at 558-59 (2d ed. 1990) ("[A]n inadvertent mistake in a pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced."). The phrase "substantial justice" must be given "a practical meaning. ...[T]his does not mean, on the one hand, that the plaintiff may by pleading, mislead, entrap, surprise or prejudice his adversary, nor on the other that a party should be permitted to weave a net of artificial refinements and subtle technicalities in which to catch an unwary litigant." *Cherry v. Dealers Transport Co.,* 64 F.Supp. 682, 683 (D. Mo. 1946).

Here, there are several factors which, although not themselves determinative, convince the Court that its narrower reading is not only correct but necessary to do substantial justice. First, counsel for Plaintiffs have brought other strip-search cases which distinguished between felony and misdemeanor arrestees. For example, in *Bull v. City and County of San Francisco*, United States District Court for the Northern District of California

6

Case No. C-03-1840, plaintiffs (represented by Plaintiffs' counsel in this case) sought certification of a subclass of felony and misdemeanor arrestees for federal strip search claims, and a subclass of misdemeanor arrestees for claims under Penal Code § 4030; Judge Breyer granted the motion months before the Complaint in this action was filed. *See* Memorandum and Order, filed June 10, 2004, at 8, 12.  Plaintiffs were capable of clearly alleging a class that included felony arrestees who did not have claims under Penal Code § 4030 but did not do so.

      Second, when Plaintiffs sought information on persons arrested on "charges not involving drugs, weapons, or violence," Defendants objected that the phrase "not involving drugs, weapons, or violence" was vague and ambiguous.  The phrase had been used in several contexts:  in Interrogatory No. 2, in "charges not involving drugs, weapons, or violence," in Interrogatory No. 3, "misdemeanors, infractions, or minor offenses not involving drugs, weapons, or violence," and in Interrogatory No. 4, "crimes not involving drugs, weapons, or violence."  In their motion to compel discovery responses, Plaintiffs argued the meaning was clear, specifically referring to Penal Code § 4030:

> Penal Code § 4030, the California law regulating how and when counties can conduct strip searches, specifically refers to persons arrested on charges "involving weapons, controlled substances, or violence." Cal. Penal Code § 4030(f) and (g). … Thus, it is impossible to believe that defendants find these terms so vague and ambiguous as to render unanswerable and objectionable the discovery requests in which they are contained.

Plaintiff's Motion to Compel Discovery Responses, July 25, 2005, at 9.  In other words, Plaintiffs referred the Defendants to a California statute on misdemeanor arrestees to clarify what "charges not involving drugs, weapons or violence" meant.  Defendants ultimately responded to the interrogatories by compiling lists of arrestees which eliminated felony arrests entirely.  *See* Declaration of Lt. Jacqueline Rubin in Support of Opposition to Motion for Class Certification, ¶¶ 3-7 (Rubin prepared response to Interrrogatory No. 3 by eliminating felonies); Declaration of Lt. Jacqueline Rubin in Support of Reply to Plaintiffs' Opposition to Motion to Strike or for Partial Summary Judgment ¶¶ 2-3 (Rubin prepared

7

response to Interrogatory No. 2 by eliminating felonies).[2]  Defendants were not on notice that felonies were included in the claims.

It is clear to the Court from the timing of events in this litigation that Plaintiffs are trying to sweep felony arrestees into the class at this late date to make the class fit the proposed class representative, rather than vice versa.  The case was originally filed on behalf of only misdemeanor arrestees. Accordingly, Defendants' Motion to Strike Putative Felony Arrest Plaintiffs From The Class Definition is GRANTED.

**II.     Plaintiff Morganelli's Claims Are Time-Barred**

Plaintiff Morganelli's claims, added to this case with the Amended Complaint filed August 11, 2005, are time-barred.[3]

The County issued a written strip-search policy on June 1, 2003.  Defendants argue that the challenged "blanket" strip-search policy ended on that day, and the statute of limitations for any challenge to the blanket strip search policy began to run at that time.

Plaintiffs acknowledge that the new written strip search policy was issued on June 1, 2003, but contend that the statute should run from the date the policy was actually implemented, and the Court should deny partial summary judgment because Defendants failed "to present any proof of the actual termination date of the blanket policy."

At the same time, however, Plaintiffs *affirmatively argue* that the blanket policy ended on June 1, 2003 in support of their own motion for class certification.   In the context of

---

[2] Plaintiffs objected to and moved to strike Lt. Rubin's reply declaration on the grounds that it was irrelevant, contained inadmissible hearsay, and was improperly filed with the Reply brief rather than in support of the motion itself. The motion to strike is DENIED. The Court is considering Ms. Rubin's testimony about her own understanding and statements not for the truth the matter, but to show Defendants' understanding of the claims involved, and they are relevant to the issue of what reading of the Complaint would serve substantial justice. While the declaration was filed with Defendants' Reply, the Court finds that the testimony relating to the County's understanding of the scope of the class is offered in rebuttal to Plaintiff's Opposition to the motion. Moreover, Plaintiffs responded with their own subsequently filed declarations. *See* Declaration of Mark E. Merin in Support of Reply to Opposition to Plaintiffs' Evidentiary Motion to Strike Affidavits as Untimely Filed, filed December 22, 2007.  The Court is not considering Ms. Rubin's account of Mr. Merin's statements.

[3] The Amended Complaint only explicitly added Morganelli's claims, and did not purport to add the claims of some additional class or subclass of felony arrestees.

8

arguing Morganelli is an adequate class representative, Plaintiffs alleged that all plaintiffs' state law claims were time-barred because the blanket strip search policy was discontinued on June 1, 2003:

> Defendants discontinued the blanket strip search policy on or about June 1, 2003; a tort claim to preserve state law claims for strip searches under the blanket policy *had to be filed by January 1, 2004*, and, if this deadline was not met, an application for relief from failure to file had to be made within one year, that is, by June 1, 2004. A tort claim was filed on behalf of the class by plaintiff Rosalety Barnett on *August 9, 2004,* but it was too late to protect the class' state law claims for strip searches under the discontinued blanket policy.

Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Class Certification, Docket No. 71, at 10:8-16 (citations omitted, emphasis in original).

Plaintiffs cannot have it both ways. If the statute of limitations started to run for the state law claims on June 1, 2003, when the policy was discontinued, it started to run on the same date for the Fourth Amendment claims.

The statute of limitations for Morganelli's claim under 42 U.S.C. § 1983 is two years. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 1725 (2005). The statute therefore ran on May 31, 2005.

Morganelli's claims were added several months later, on August 11, 2005. If Morganelli were a member of the class as alleged in the Complaint, the statute of limitations on his claims would be tolled from the time the Complaint was filed to the time class certification is denied. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974); *Catholic Social Services v. I.N.S.*, 232 F.3d 1139, 1146-47 (9th Cir. 2000). But because Morganelli is not a member of the class, the tolling doctrine does not apply. Nor do his claims relate back under *In re Syntex Corp. Securities Litigation,* 95 F.3d 922, 935 (9th Cir. 1996), because the original Complaint did not give Defendants notice of the claims of felony arrestees. His claims are therefore time-barred.

Defendants' Motion for Partial Summary Judgment is GRANTED as to the sole felony arrest plaintiff in the case, Peter Morganelli.

//

9

**CONCLUSION**

For the reasons set out above, the Court GRANTS Defendants' Motion to Strike Putative Felony Arrest Plaintiffs From The Class Definition, and GRANTS Defendants' Motion for Partial Summary Judgment as to plaintiff Morganelli. Because no proposed class representative remains, the Court DENIES Plaintiffs' Motion for Class Certification without prejudice.

A further case management conference in both Case No. C-04-4437 and Case No. C-04-5365 is set for March 19, 2007, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: January 24, 2007

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT