IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSALETY BARNETT, et al.,

    Plaintiffs,

v.

COUNTY OF CONTRA COSTA, et al.,

    Defendants.

NO. C04-4437 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' motion for summary judgment on all claims asserted by Plaintiff Adeline Chan. After carefully reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and hereby VACATES the hearing scheduled for September 21, 2009. For the reasons discussed below, the Court now GRANTS IN PART and DENIES IN PART Defendants' motion.

**BACKGROUND**

This case concerns Defendants' now-discontinued policy of performing strip searches and visual body cavity searches on all persons arrested and housed prior to arraignment. Plaintiff Adeline Chan seeks to represent the following class:

> All persons, since October 20, 2002, and continuing until Defendants' prior custom and policy was brought into compliance with the law on June 1, 2003, or such other more recent date when the policy was implemented, who were arrested on any misdemeanor or lesser charge not involving weapons, controlled substances, or violence, and who were subjected to a uniform and indiscriminate (blanket) strip/visual body cavity search(es) by defendants before arraignment at the Contra Costa County Jails without any individualized reasonable suspicion that

> they were concealing contraband.  This class may also include arrestees who were subjected to subsequent blanket strip searches before arraignment after the initial strip search, without any reasonable individualized suspicion that they had subsequently acquired and hidden contraband on their persons.

Notice of Mot. for Class Cert. at 2.[1]  In conjunction with their opposition to Plaintiff's motion for class certification, Defendants filed a motion for summary judgment on all claims asserted by Chan, the sole proposed named plaintiff.  To promote judicial economy, this Court stayed consideration of Plaintiff's class certification motion pending resolution of Defendants' summary judgment motion.

Chan was arrested twice in 2003 for violating a restraining order that prohibited her from being within 100 yards of her former employer, Shahzad Saghafi.  On April 19, 2003, Saghafi called the police after observing Chan near his home.  The responding officer interviewed both Chan and Saghafi, viewed the restraining order, and verified that the restraining order had been served.  He then arrested Chan for violating a court order under California Penal Code section 166(a)(4) and transported her to the Martinez Detention Facility ("MDF").

As part of the intake process at MDF, Chan underwent a medical and mental health history interview.  In response to questions on the Contra Costa Detention Facilities Health Questionnaire, Chan responded that she was not taking any prescription medication or using street drugs.  As to her mental health history, Chan stated that she tried to harm herself in 1997 and was a patient at a mental hospital in both 1997 and 2000, but that she did not currently have problems with depression or mood swings, was not currently receiving psychiatric treatment, and was not now thinking of harming herself.  Chan explained at her deposition that her two hospitalizations were three-day involuntary commitments by a doctor

---

[1] This class definition appears in both Plaintiff Chan's notice of motion for class certification and her proposed order.  In the memorandum of points and authorities in support of her motion, Chan proposes a class that includes individuals "who were arrested on any misdemeanor or lesser charge not involving weapons, controlled substances, or *felony* violence."  Mot. for Class Cert. at 7 (emphasis added).  The inclusion of the word "felony" appears to have been in error.  *See, e.g.,* Opp'n to Mot. for Summ. J. at 3 (citing to proposed class definition in notice of motion, which refers to "violence" and not "felony violence").

2

who was treating her for depression, but the record is unclear as to whether this more specific information was revealed during Chan's intake interview.

Following review by a registered nurse and a licensed social worker, Chan was cleared for general population housing. After waiting at MDF for several hours, Chan was eventually transported to the West County Detention Facility ("WCDF"). Upon arrival at WCDF, Chan was strip searched by a female deputy in a private area. As Chan explained by declaration:

> I was taken into a room where I was required to remove all of my clothes and, while standing naked in front of a female officer, was directed to perform various maneuvers including stretching out my arms so that the officer could look under my arms, and lifting my legs so that she could examine the bottom of my feet. She had me run my fingers through my hair and turn around so she could examine my back and rear end. I was then given jail clothes into which I changed.

Chan Decl. in Supp. of Mot. for Class Cert. ¶ 2. Chan was released on bail two days after her arrest.

On May 7, 2003, Chan was arrested a second time for violating the terms of a restraining order against Saghafi. She was again found near Saghafi's house, where she claims she was dropping off court papers, and taken to MDF. While there, she was subjected to another strip search by a female officer. She was held at MDF for two days before being transferred to WCDF, from where she was released on bail on May 9, 2003. Chan was never arraigned on either charge of violating a restraining order.

Chan asserts that the two strip searches to which she was subjected violated both her federal constitutional right to be free from unreasonable searches and seizures and her state constitutional right to privacy. She seeks to represent the proposed class on both of these claims. In addition, she seeks to represent the proposed class on a claim based on violation of California Penal Code section 4030, which was enacted "to protect the state and federal constitutional rights of the people of California by establishing a statewide policy strictly limiting strip and body cavity searches." Cal. Penal Code § 4030(a). Defendants have moved for summary judgment on all of Chan's claims.

3

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* at 322-23. However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party meets its initial burden, the opposing party must then "set out specific facts showing a genuine issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250.

**DISCUSSION**

Chan does not dispute that Defendants are entitled to summary judgment on her state law claims because she failed to present a timely claim to the County, as required by the California Tort Claims Act. *See* Cal. Gov't Code §§ 905, 911.2. Accordingly, Defendants' motion is GRANTED as to those claims.

On Chan's claim under 42 U.S.C. § 1983, Defendants contend that no constitutional violation occurred because reasonable suspicion existed to strip search Chan. Under Ninth Circuit precedent, "arrestees for minor offenses may be subjected to a strip search only if jail

4

officials have a reasonable suspicion that the particular arrestee is carrying or concealing contraband or suffering from a communicable disease." *Giles v. Ackerman*, 746 F.2d 614, 615 (9th Cir. 1984), *overruled on other grounds by Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999) (en banc). "Reasonable suspicion may be based on such factors as the nature of the offense, the arrestee's appearance and conduct, and the prior arrest record." *Id.* at 617.

The parties in this case dispute what information the officers performing the strip search had at the time of the search, but the Court need not resolve those disputes here.[2] Even assuming that the officers had knowledge of the grounds for the restraining order and the information contained on her health questionnaire, it would be improper to resolve Chan's claims on summary judgment for the reasons discussed below.

First, it is not disputed that Chan's arrests involved neither weapons nor contraband; Defendants contend only that violation of a restraining order is, like grand theft auto, "sufficiently associated with violence to justify a visual strip search." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1441 (9th Cir. 1989); *but see id.* at 1441 n.6 ("We emphasize, however, that our decision is extremely narrow and only applies to theft of an automobile; we express no opinion on the validity of a blanket strip search policy as applied to arrestees charged with other crimes against property, whether they be classified as felonies or misdemeanors."). However, even Defendants' recitation of the governing statute undermines their theory. A restraining order requires that the petitioning party suffered "harassment," which is defined as "unlawful violence, a credible threat of violence, *or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose*." Cal. Civ. Proc. Code § 527.6(a)-(b) (emphasis added). Thus, it is possible for a party to obtain a restraining order without demonstrating unlawful violence or a credible threat of violence, and the evidence presented by Defendants fails to establish as an undisputed fact that the restraining order

---

[2]The Court therefore need not and does not resolve Defendants' objections to Plaintiff's expert declarations at this time.

5

against Chan was issued based on violence or credible threat thereof. Although Saghafi's petition for a restraining order claimed that Chan threatened to commit and did commit acts of violence against him, the description of Chan's conduct asserts that Chan made repeated harassing phone calls, damaged work materials, was "aggressive," made false accusations of assault and rape, scratched Saghafi's car, threw toilet paper over his car and the front of his home, and broke into his mailbox and stole some of his mail. *See* Ex. B to You Decl. This fails to establish, beyond dispute, that the restraining order was based on a credible threat of violence or the actual commission of violence against Saghafi; it would not be unreasonable to conclude that the restraining order was based instead on a pattern of harassing behavior. Moreover, even if the underlying restraining order had been granted based on unlawful violence or a credible threat thereof, a reasonable juror might conclude that the behavior for which Chan was arrested – being near Saghafi's home – involved neither violence nor the threat of violence. Consequently, although violation of a restraining order might, in some instances, be sufficiently associated with violence such that reasonable suspicion for a strip search exists, Defendants have failed to meet their burden on this motion of convincing the Court that Chan's offense gave rise to reasonable suspicion as a matter of law.

Similarly, Defendants have failed to persuade the Court that Chan's mental history necessarily gave rise to reasonable suspicion to perform a strip search. Although Chan admitted that she tried to harm herself six years prior to her arrest and was a patient in a mental hospital on two occasions, three and six years prior to her arrest, she also stated that she was taking no prescription medication at the time of her arrest, did not use street drugs, had no current problems with depression, and had no current thoughts of harming herself. Chan's health questionnaire also indicates that she was not observed to be sweaty, shaking, agitated, disoriented, or confused. In addition, Chan was held for several hours prior to the strip search being performed – a fact that, when viewed in the light most favorable to Chan, suggests that Defendants did not consider her a threat to herself or others. The Court cannot, on these facts, find it undisputed that Defendants had reasonable suspicion to strip search Chan based on her mental health history.

6

In short, even if the Court presumes that the officers conducting the strip search had access to the underlying petition for the restraining order and Chan's health questionnaire, it remains disputed whether the officers had "reasonable suspicion that [Chan was] carrying or concealing contraband." *Giles*, 746 F.2d at 615. Accordingly, Defendants' motion for summary judgment on Chan's § 1983 claim is DENIED.

**CONCLUSION**

For the reasons discussed above, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment. The motion is GRANTED as to Chan's state law claims and DENIED as to Chan's claim under 42 U.S.C. § 1983.

Because Chan's federal claim has survived summary judgment, her motion for class certification remains viable. The parties shall meet and confer and file, no later than **September 18, 2009,** a stipulation and proposed order, or a joint statement setting forth their respective proposals, regarding a briefing and hearing schedule on the class certification motion. Although Defendants have already filed their opposition to that motion, the Court will entertain a request to file a revised opposition in light of the Court's ruling on summary judgment.

**IT IS SO ORDERED.**

Dated: 09/11/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

7