IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSALETY BARNETT, et al.,

    Plaintiffs,

v.

COUNTY OF CONTRA COSTA, et al.,

    Defendants.

NO. C04-4437 TEH

<u>ORDER VACATING CASE MANAGEMENT CONFERENCE AND GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION</u>

The Court has reviewed the parties' March 8, 2010 joint case management conference statement and construes Defendants' comments as a motion for leave to file a motion for reconsideration based on the February 9, 2010 en banc decision in *Bull v. City & County of San Francisco* by the United States Court of Appeals for the Ninth Circuit, — F.3d —, 2010 WL 431790. That decision, which held the following, clearly constitutes a change in the law:

> We agree with the reasoning of the Eleventh Circuit that the rights of arrestees placed in custodial housing with the general jail population "are not violated by a policy or practice of strip searching each one of them as part of the booking process, provided that the searches are no more intrusive on privacy interests than those upheld in the *Bell* case," and the searches are "not conducted in an abusive manner." *Powell*, 541 F.3d at 1314; *cf. Archuleta v. Wagner*, 523 F.3d 1278, 1284 (10th Cir.2008) (upholding searches of arrestees intermingled with general population of a corrections facility, but not those awaiting bail, and stating that when an arrestee is kept in a holding cell the "obvious security concerns inherent in a situation where the detainee will be placed in the general prison population are simply not apparent"). We therefore overrule our own panel opinions in *Thompson* and *Giles*.

*Bull*, 2010 WL 431790, at *13 (citing *Powell v. Barrett*, 541 F.3d 1298 (11th Cir. 2008) (en banc) and referring to *Thompson v. City of Los Angeles*, 885 F.2d 1439 (9th Cir. 1989), and *Giles v. Ackerman*, 746 F.2d 614 (9th Cir. 1984) (per curiam)). This Court relied on *Giles* in

1 analyzing Defendants' motion for summary judgment, and reconsideration following the
2 overruling of *Giles* would therefore be appropriate. *See* Sept. 11, 2009 Order at 4-5 (quoting
3 *Giles* for the proposition that "arrestees for minor offenses may be subjected to a strip search
4 only if jail officials have a reasonable suspicion that the particular arrestee is carrying or
5 concealing contraband or suffering from a communicable disease").

6 In addition, the parties discussed *Powell* in their class certification briefing. Plaintiffs,
7 for example, asserted that: "The fact-intensive nature of the Fourth Amendment balancing
8 test in strip search cases has been noted and followed by many courts, with the exception of
9 *Powell*. *Powell*, however, remains the lone outrider among all circuits that have considered
10 the question, and it has been widely criticized by courts in other circuits." Reply at 1
11 (citation omitted). Given the Ninth Circuit's explicit agreement with *Powell* in *Bull*,
12 Plaintiffs' statement is no longer valid. However, as the Court explained in its order granting
13 class certification, "[t]he legality of [the challenged strip search] policy, as well as whether
14 individualized reasonable suspicion is a defense to liability or a limitation on damages, are
15 common issues that predominate in this case." Nov. 3, 2009 Order at 6. This would appear
16 to remain true even following *Bull*, but the Court nonetheless grants Defendants leave to
17 address the class certification order, as well as the summary judgment order, in their motion
18 for reconsideration.

19 Finally, the Court takes note of Plaintiffs' request to conduct additional discovery.
20 Although the Court does not now rule on this request, it advises Plaintiffs that they will bear
21 a heavy burden of convincing the Court that such a request is reasonable, given that this case
22 was filed six years ago and Plaintiffs are already on their third attempt at finding a suitable
23 class representative. The parties shall address Plaintiffs' request in their briefing on the
24 motion for reconsideration.

25 In accord with all of the above, IT IS HEREBY ORDERED that Defendants may file
26 a motion for reconsideration of this Court's summary judgment and class certification orders.
27 This motion shall be filed on or before **April 5, 2010**, and noticed for hearing in compliance
28 with Civil Local Rule 7-2(a). The briefing schedule and page limits shall be governed by the

Civil Local Rules. Because no further case management is necessary at this time, the March 15, 2010 case management conference is hereby VACATED.

To avoid any confusion, this order does not vacate the case management conference in the related case, *Barnett v. City of Lafayette*, Case No. C04-5365 TEH. Those parties shall appear before the Court on March 15, 2010, at 1:30 PM, as previously ordered.

**IT IS SO ORDERED.**

Dated: 03/11/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT