United States District Court
For the Northern District of California

1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5    ROSALETY BARNETT, et al.,

6                          Plaintiffs,          NO. C04-4437 TEH

7              v.                               ORDER VACATING CASE
                                                MANAGEMENT CONFERENCE
8    COUNTY OF CONTRA COSTA,                    AND GRANTING LEAVE TO
     et al.,                                    FILE MOTION FOR
9                                               RECONSIDERATION
                          Defendants.
10

11

12       The Court has reviewed the parties' March 8, 2010 joint case management conference

13   statement and construes Defendants' comments as a motion for leave to file a motion for

14   reconsideration based on the February 9, 2010 en banc decision in *Bull v. City & County of*

15   *San Francisco* by the United States Court of Appeals for the Ninth Circuit, — F.3d —, 2010

16   WL 431790.  That decision, which held the following, clearly constitutes a change in the

17   law:

18          We agree with the reasoning of the Eleventh Circuit that the
            rights of arrestees placed in custodial housing with the general
19          jail population "are not violated by a policy or practice of strip
            searching each one of them as part of the booking process,
20          provided that the searches are no more intrusive on privacy
            interests than those upheld in the *Bell* case," and the searches are
21          "not conducted in an abusive manner." *Powell*, 541 F.3d at 1314;
            *cf. Archuleta v. Wagner*, 523 F.3d 1278, 1284 (10th Cir.2008)
22          (upholding searches of arrestees intermingled with general
            population of a corrections facility, but not those awaiting bail,
23          and stating that when an arrestee is kept in a holding cell the
            "obvious security concerns inherent in a situation where the
24          detainee will be placed in the general prison population are
            simply not apparent").  We therefore overrule our own panel
25          opinions in *Thompson* and *Giles*.

26   *Bull*, 2010 WL 431790, at *13 (citing *Powell v. Barrett*, 541 F.3d 1298 (11th Cir. 2008) (en

27   banc) and referring to *Thompson v. City of Los Angeles*, 885 F.2d 1439 (9th Cir. 1989), and

28   *Giles v. Ackerman*, 746 F.2d 614 (9th Cir. 1984) (per curiam)).  This Court relied on *Giles* in

**United States District Court**
For the Northern District of California

1   analyzing Defendants' motion for summary judgment, and reconsideration following the

2   overruling of *Giles* would therefore be appropriate.  *See* Sept. 11, 2009 Order at 4-5 (quoting

3   *Giles* for the proposition that "arrestees for minor offenses may be subjected to a strip search

4   only if jail officials have a reasonable suspicion that the particular arrestee is carrying or

5   concealing contraband or suffering from a communicable disease").

6          In addition, the parties discussed *Powell* in their class certification briefing.  Plaintiffs,

7   for example, asserted that: "The fact-intensive nature of the Fourth Amendment balancing

8   test in strip search cases has been noted and followed by many courts, with the exception of

9   *Powell*.  *Powell*, however, remains the lone outrider among all circuits that have considered

10  the question, and it has been widely criticized by courts in other circuits."  Reply at 1

11  (citation omitted).  Given the Ninth Circuit's explicit agreement with *Powell* in *Bull*,

12  Plaintiffs' statement is no longer valid.  However, as the Court explained in its order granting

13  class certification, "[t]he legality of [the challenged strip search] policy, as well as whether

14  individualized reasonable suspicion is a defense to liability or a limitation on damages, are

15  common issues that predominate in this case."  Nov. 3, 2009 Order at 6.  This would appear

16  to remain true even following *Bull*, but the Court nonetheless grants Defendants leave to

17  address the class certification order, as well as the summary judgment order, in their motion

18  for reconsideration.

19         Finally, the Court takes note of Plaintiffs' request to conduct additional discovery.

20  Although the Court does not now rule on this request, it advises Plaintiffs that they will bear

21  a heavy burden of convincing the Court that such a request is reasonable, given that this case

22  was filed six years ago and Plaintiffs are already on their third attempt at finding a suitable

23  class representative.  The parties shall address Plaintiffs' request in their briefing on the

24  motion for reconsideration.

25         In accord with all of the above, IT IS HEREBY ORDERED that Defendants may file

26  a motion for reconsideration of this Court's summary judgment and class certification orders.

27  This motion shall be filed on or before **April 5, 2010**, and noticed for hearing in compliance

28  with Civil Local Rule 7-2(a).  The briefing schedule and page limits shall be governed by the

1 Civil Local Rules.  Because no further case management is necessary at this time, the

2 March 15, 2010 case management conference is hereby VACATED.

3   To avoid any confusion, this order does not vacate the case management conference in

4 the related case, *Barnett v. City of Lafayette*, Case No. C04-5365 TEH.  Those parties shall

5 appear before the Court on March 15, 2010, at 1:30 PM, as previously ordered.

6

7 **IT IS SO ORDERED.**

8

9 Dated:   03/11/10

10        THELTON E. HENDERSON, JUDGE
       UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3